UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Tifani Crifasi

**Plaintiff**

-against-

Diverse Funding Associates, LLC
d/b/a DRS & Associates

**Defendant**

-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 18 2014 ★

LONG ISLAND OFFICE

Docket No.

**CV-14 2507**

BIANCO, J.

TOMLINSON, M

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully allege and show to the Court as follows:

### I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collectors for harassing and deceiving the Plaintiff in an attempt to collect an alleged debt. Defendants' actions include leaving a deceptive message on Plaintiff's telephone answering machine to lure the Plaintiff into calling the Defendant; tricking the Plaintiff into making a payment on an alleged debt; representing to the Plaintiff that if she made a small payment on the alleged debt then the alleged debt would be settled; selling or transferring the debt to another company to continue to try to collect; and communicating with the Plaintiff without providing the notices required by federal law.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.** (emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Diverse Funding Associates, LLC is a foreign corporation registered to do business in New York. The principal purpose of defendants is the collection of debts

using the mails and telephone, and defendants regularly attempts to collect debts alleged to be due another.

7. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6) in that they regularly engaged in the collection of debts allegedly due to others.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeat paragraphs "1" through "7" as if fully restated herein.

9. The Defendants allege that the Plaintiff owes a debt to TD Bank in the amount of $336.57 for an alleged overdraft fee ("the debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. No part of the alleged debt was incurred for business purposes in that the Plaintiff does not own or operate any business.

10. In August 2013, the Defendant called the Plaintiff and left a message for the Plaintiff on the Plaintiff's telephone answering machine. The message did not meaningfully identify the Defendant in any way. The message did not identify the defendant as a debt collector. The message imparted to the Plaintiff that if she did not immediately call the Defendant back, the "file" was going to "leave (the Defendant's ) office."

11. The Plaintiff then spoke with the Defendant over the telephone. The Defendant falsely represented to the Plaintiff that the Plaintiff could settle the alleged debt by making a payment of $61.57.

12. As per the Defendant's statement, the Plaintiff made the payment of $61,57.

13. Notwithstanding the payment, the Defendant transferred or sold the alleged debt to another company to continue to try to collect the alleged balance.

14. The Defendant informing the Plaintiff that if she made the payment of $61.57 the debt would be settled was false and deceptive. The Defendant tricked the Plaintiff into making a payment by falsely informing the Plaintiff that the payment would settle the debt.

15. The Defendant failed to identify themselves as a debt collector in every communication with the Plaintiff.

16. The Defendant did not provide the Plaintiff with the notices required by 15 USC 1692g.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 U.S.C Section 1692e

   b. 15 U.S.C Section 1692e(3)

   c. 15 U.S.C Section 1692e(10);

   d. 15 U.S.C Section 1692e(11);

   e. 15 U.S.C Section 1692d;

  f. 15 U.S.C Section 1692d(6); and

  g. 15 U.S.C. Section 1692g.

  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

  A. Actual damages;

  B. Statutory damages;

  C. Costs and reasonable attorney's fees;

  D. For such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

          Joseph Mauro (JM: 8295)
          The Law Office of Joseph Mauro, LLC
          306 McCall Ave.
          West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

          /s/ JOSEPH MAURO
          Joseph Mauro